# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREG PFEIFLE**,<br><br>    Plaintiff,<br><br>  v.<br><br>**PORTLAND TERMINAL RAILROAD COMPANY, an Oregon corporation**,<br><br>    Defendant. | Case No. 3:19-cv-01436-IM<br><br>**OPINION AND ORDER** |

Paul S. Bovarnick, Rose, Senders & Bovarnick, LLP, 1205 Nw 25th Avenue, Portland, OR 97210; Kevin C. Brague, The Brague Law Firm, 4504 S Corbett Avenue, Suite 200, Portland, OR 97239. Attorneys for Plaintiff.

David Patrick Morrison, Nicholas E. Wheeler, and Amber Beyer, Cosgrave Vergeer Kester, LLP, 900 SW Fifth Avenue, 24th Floor, Portland, OR 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

   This matter comes before the Court on Defendant's Motion for Partial Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c), ECF 32, and Plaintiff's Motion to Compel, ECF 41. Defendant moves for judgment on the pleadings on parts of Plaintiff's claims brought under the Federal Railroad Safety Act ("FRSA") on the ground that Plaintiff failed to exhaust his administrative remedies for those purportedly retaliatory acts. ECF 32 at 1-2. For the

reasons explained below, Defendant's motion for judgment on the pleadings is denied, and Plaintiff's motion to compel is denied with leave to renew.

## BACKGROUND

In this action, Plaintiff alleges negligence and, as relevant to this Opinion, multiple violations of the Federal Rail Safety Act ("FRSA"), arising from events surrounding Plaintiff's alleged injury while working for Defendant. Plaintiff was employed by Defendant as a switchman and yardmaster in interstate commerce at all relevant times. ECF 1 at ¶¶ 3-4. After Plaintiff reported the hazardous safety condition of some of Defendant's track switches, Plaintiff was injured while operating one of those reported track switches on or about April 20, 2018. *Id*. at ¶¶ 5-6. Plaintiff reported his injury and requested to go to the emergency room, but his supervisor allegedly denied Plaintiff medical treatment until he completed paperwork. *Id*. at ¶ 7. Plaintiff also received "Level 3" discipline and was placed on disciplinary probation for one year. *Id*. at ¶ 8. He also was allegedly threatened with termination. *Id*. at ¶ 10.

Section 20109 of the FRSA prohibits rail carriers from retaliating against employees who engage in certain protected activities. Among other things, a railroad carrier may not retaliate in specified ways for "reporting, in good faith, a hazardous safety or security condition," 49 U.S.C. § 20109(b)(1)(A); or for "notify[ing] . . . the railroad carrier" of an employee's "work-related personal injury," 49 U.S.C. § 20109(a)(4). A carrier also may not "deny, delay, or interfere with the medical or first aid treatment of an employee who is injured," and if an injured employee so requests, the railroad must "promptly arrange to have the injured employee transported to the nearest hospital" for treatment. 49 U.S.C. § 20109(c)(1).

To seek relief in a federal court for unlawful retaliation or other conduct under the FRSA, a plaintiff must first exhaust his or her administrative remedies by filing a complaint with the U.S. Department of Labor's Occupational Safety and Health Administration (OSHA) within 180

PAGE 2 – OPINION AND ORDER

days of the alleged act. 49 U.S.C. § 20109(d)(1), (d)(2)(A)(ii). Once an OSHA complaint is filed, the Secretary of Labor investigates it. If the Secretary does not issue a final decision within 210 days after the filing of the complaint, and the delay is not due to the employee's bad faith, then the employee may bring an original action at law or equity for de novo review in the appropriate federal district court. 49 U.S.C. § 20109(d)(3).

On May 7, 2018, Plaintiff filed a complaint against Defendant with OSHA. ECF 1 at ¶ 9. Plaintiff's OSHA complaint alleged, in the "allegation summary" section, as follows:

> On or around April 19, 2018, Complainant reported an unsafe switch to Respondent [Portland Terminal Railroad]. The following day, Complainant injured his back and shoulder when throwing the switch. He reported his injuries to Respondent. Then on or around April 25, 2018, Respondent issued Complainant discipline in retaliation for reporting the unsafe switch and his injuries. Complainant believes Respondent violated his rights under the Federal Railroad Safety Act (FRSA), 49 U.S.C. §20109.

ECF 33-1 at 3.

After 210 days without a final decision, and the Secretary not having found bad faith on the part of Plaintiff, Plaintiff brought this action in federal court. ECF 1 at ¶ 9. Plaintiff filed his Complaint on September 6, 2019. ECF 1.

Plaintiff brings claims alleging negligence under the Federal Employers Liability Act ("FELA"), 49 U.S.C. § 51 (Claim One), and alleging multiple violations of the FRSA, 49 U.S.C. § 20109 (Claim Two). ECF 1 at ¶¶ 11-18. Claim Two, pursuant to FRSA, includes three counts: (1) alleging discipline for reporting a hazardous safety condition to Defendant under 49 U.S.C. §20109(b)(1)(A); (2) alleging injury during course of employment and denial of prompt medical attention under 49 U.S.C. § 20109(c); and (3) alleging discipline for reporting his injury to Defendant under 49 U.S.C. § 20109(a)(4). *Id*. at ¶¶ 13-18. Defendants move to dismiss Count Two, the denial-of-medical-treatment claim, and "parts of Counts One and Three," relating to alleged retaliatory threats of termination. ECF 32 at 1-2.

PAGE 3 – OPINION AND ORDER

**LEGAL STANDARDS**

Rule 12(c) provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss and is subject to the same standard of review. *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). That is, the court must decide if the complaint's "factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso*, 637 F.3d at 1054 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "In evaluating a motion for judgment on the pleadings, the allegations of the non-moving party are credited as true, whereas those allegations of the moving party which have been denied are deemed false for purposes of the motion." *Adidas Am., Inc. v. Aviator Nation, Inc.*, No. 3:19-CV-02049-HZ, 2021 WL 91623, at *4 (D. Or. Jan. 10, 2021) (citing *Hal Roach Studios*, 896 F.2d at 1550).

As with a motion under Rule 12(b)(6), in deciding a motion for judgment on the pleadings the court may consider unattached documents that are referenced in the complaint if no party questions the documents' authenticity. *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011); *Aviator Nation*, 2021 WL 91623, at *4.

**DISCUSSION**

**A. The Proper Standard for the Scope of Exhaustion**

The parties disagree on the proper scope for evaluating whether a plaintiff has exhausted his or her claim under the FRSA. Defendant argues for a narrow scope, in which each prohibited action must be alleged in the OSHA complaint for that action to be properly exhausted. Plaintiff

argues for a broader scope—in particular, Plaintiff argues that the exhaustion standard applicable in the Title VII context for Equal Employment Opportunity Commission (EEOC) complaints applies in the FRSA context. In the Title VII context, district courts may hear all allegations of discrimination "that either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002), *as amended* (Feb. 20, 2002) (quotation marks, citations, and emphasis omitted).

To the extent courts analyzing FRSA exhaustion explicitly address the question of what standard to apply, they tend to suggest that the Title VII standard applies. *See, e.g., Vasquez v. BNSF Ry. Co.*, No. CV 18-164-M-DLC, 2020 WL 2813700, at *5-*6 (D. Mont. May 29, 2020) (recognizing Title VII action as "analogous" to FRSA action); *Rookaird v. BNSF Ry. Co.*, No. C14-176RSL, 2015 WL 6626069, at *2 (W.D. Wash. Oct. 29, 2015), *vacated in part on other grounds*, 908 F.3d 451 (9th Cir. 2018) (recognizing Title VII exhaustion standard as embodying "general principles of exhaustion" applicable to FRSA claims); *Ringer v. Nebraska, Kansas, & Colorado Ry., L.L.C.*, No. 4:20-CV-3056, 2020 WL 4816227, at *6-*7 (D. Neb. Aug. 19, 2020) (not addressing scope of exhaustion but merely if it is a jurisdictional issue; citing Title VII case); *Johansen v. Illinois Cent. R.R. Co.*, No. 3:19CV268-MPM-RP, 2020 WL 6126160, at *7-*8 (N.D. Miss. Apr. 17, 2020) (applying Title VII exhaustion standard to FRSA claim); *Wallis v. BNSF Ry. Co.*, No. C13-40 TSZ, 2013 WL 12073476, at *3 (W.D. Wash. Dec. 30, 2013) (referring to "case law under Title VII and the Sarbanes-Oxley Act" as "analogous" to FRSA context); *Wallace v. Tesoro Corp.*, 796 F.3d 468, 476 (5th Cir. 2015) (explicitly holding that Title VII exhaustion standard applies in Sarbanes-Oxley's OSHA context); *Howell v. BNSF Ry. Co.*, No. CIV.A. G-13-421, 2015 WL 6159195, at *3 (S.D. Tex. Jan. 30, 2015), *report and*

PAGE 5 – OPINION AND ORDER

*recommendation adopted*, No. 3:13-CV-421, 2015 WL 6160784 (S.D. Tex. Oct. 20, 2015) (applying Title VII analysis in FRSA context); *but see Foster v. BNSF Ry. Co.*, 866 F.3d 962, 966-67 (8th Cir. 2017) (adopting without analysis the Title VII standard in FRSA context because parties assumed Title VII applied); *Gibbs v. Norfolk S. Ry. Co.*, No. 3:14-CV-587-DJH-DW, 2018 WL 1542141, at *5 (W.D. Ky. Mar. 29, 2018) (suggesting narrow exhaustion standard applies but citing *Foster*, which applied Title VII standard); *Hand v. CSX Transp., Inc.*, No. 1:19-CV-941, 2021 WL 963584, at *6 (S.D. Ohio Mar. 15, 2021) (same).

This Court also finds that any differences between the statutory language governing Title VII and FRSA exhaustion do not require applying a different exhaustion standard. Indeed, multiple courts' analyses of an "analogous" exhaustion framework to that of the FRSA—Sarbanes-Oxley Act ("SOX") whistleblower exhaustion—suggest that applying the Title VII standard in the FRSA context is appropriate.[1] *See, e.g.,* ECF 40 at 3-5 (Defendant's brief citing cases discussing SOX exhaustion); *Despain v. BNSF Ry. Co.*, 186 F. Supp. 3d 988, 991 (D. Ariz. 2016) (referring to Sarbanes-Oxley and FRSA's "analogous" provisions); *Erhart v. BofI Holding, Inc.*, No. 15-CV-02287-BAS-NLS, 2020 WL 1550207, at *6-7 (S.D. Cal. Mar. 31, 2020) (evaluating OSHA exhaustion in Sarbanes-Oxley context and finding two other circuits that apply Title VII exhaustion standards in Sarbanes-Oxley context persuasive); *Wadler v. Bio-Rad Lab'ys., Inc.*, 141 F. Supp. 3d 1005, 1020-22 (N.D. Cal. 2015) (applying Title VII case law

---

[1] *Compare* 18 U.S.C. § 1514A(a)-(b) (Sarbanes-Oxley procedures providing that a "person who alleges discharge or other discrimination by any person in violation of subsection (a)" may file a complaint with the Secretary of Labor; "if the Secretary has not issued a final decision within 180 days . . . [complainant may] bring[ ] an action at law or equity for de novo review" in federal court); 49 U.S.C.A. § 20109 (FRSA procedures stating that "[a]n employee who alleges discharge, discipline, or other discrimination in violation of subsection (a), (b), or (c)" may file a complaint with the Secretary of Labor; "if the Secretary of Labor has not issued a final decision within 210 days . . . the employee may bring an original action at law or equity for de novo review in" federal court).

in evaluating exhaustion under Sarbanes-Oxley); *Jones v. Southpeak Interactive Corp. of Delaware*, 777 F.3d 658, 668-70 (4th Cir. 2015) (same); *Wallace*, 796 F.3d at 476 (explicitly stating that the "same exhaustion standard" applies under Title VII and Sarbanes-Oxley).

This Court finds the above cited cases persuasive and accordingly adopts the Title VII exhaustion standard in this case. As those cases recognize, Title VII's broader exhaustion standard advances the "purpose of an OSHA complaint," which "is to 'afford OSHA the opportunity to resolve the plaintiff's allegations through the administrative process.'" *Rookaird*, 2015 WL 6626069, at *2 (quoting *Bozeman v. Per-Se Technologies, Inc.*, 456 F. Supp. 2d 1282, 1358 (N.D. Ga. 2006)). "[S]ince agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise." *McKart v. United States*, 395 U.S. 185, 194 (1969). Notably, under both Sarbanes-Oxley and FRSA, when an employee files a complaint with OSHA, "[n]o particular form of complaint is required." 29 C.F.R. § 1982.103(a)-(b) (FRSA). Indeed, a "complaint may be filed orally or in writing. Oral complaints will be reduced to writing by OSHA." *Id*. This "absence of formal pleading requirements means complaints in OSHA administrative proceedings are not expected to meet the standards of pleading that apply to claims filed in federal court." *Erhart*, 2020 WL 1550207, at *6-*7 (discussing Sarbanes-Oxley). Accordingly, exhaustion requirements "are designed to deal with parties who do not want to exhaust," *Southpeak Interactive*, 777 F.3d at 669 (citation and quotation marks omitted), and "should go only as far as is necessary to give the agency its initial crack at the case." *Wallace*, 796 F.3d at 476.

For the foregoing reasons, this Court applies the Ninth Circuit's Title VII exhaustion analysis for purposes of deciding Defendant's motion.

**B. Application of Title VII Standard**

In the Title VII context, the agency must be "given the opportunity to consider the issue before initiation" of a civil suit. *Ong v. Cleland*, 642 F.2d 316, 320 (9th Cir. 1981). But "Title VII does not require that the plaintiff separately exhaust additional claims that are 'so closely related [to the allegations made in the charge] that agency action would be redundant.'" *B.K.B.*, 276 F.3d at 1102 (quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1457 n.2 (9th Cir. 1990)) (alteration in original). The court may consider "all claims of discrimination that fall within the scope of the EEOC's actual investigation or an EEOC investigation that could reasonably be expected to grow out of the charge." *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003), *as amended* (Jan. 2, 2004).

Defendant argues that the denial-of-medical-treatment and threat-of-termination claims are not similar to or related to Plaintiff's claim. ECF 40 at 7-8.

**1. Agency's "Reasonably Expected" Investigation**

In determining whether a claim is "reasonably related" to the agency complaint, the court "may consider 'such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred.'" *Vasquez*, 349 F.3d at 644 (citation omitted).

Here, the OSHA complaint specifies the following facts: (1) Plaintiff reported an unsafe switch to Defendant on April 19, 2018; (2) he injured his back and shoulder throwing that switch on April 20, 2018; (3) he reported his injuries to Defendant; (4) "[t]hen on or around April 25, 2018, [Defendant] issued [Plaintiff] discipline in retaliation for reporting the unsafe switch and his injuries." ECF 33-1 at 3 (OSHA complaint).

It is true that Plaintiff does not explicitly state that Defendant denied him prompt medical treatment or that he was threatened with termination. However, Plaintiff's OSHA complaint specifically encompasses the time frame between April 19, 2018, the date of reporting the unsafe condition, and April 25, 2018, the date of the alleged retaliatory discipline. It also focuses on Plaintiff's reporting of the switch, his reporting of his injury, and Defendant's alleged response to Plaintiff reporting these issues. In sum, the OSHA complaint alleges only that Defendant responded in a certain way to Plaintiff's reporting of the switch and injury, and the new claims allege other responses by Defendant to that same reporting conduct.

In *Vasquez*, the Ninth Circuit held that one Title VII claim was properly exhausted because even though the EEOC charge "d[id] not contain the relevant legal theory of retaliation" nor the plaintiff's grievance against which the defendant allegedly retaliated, "it d[id] contain" the facts constituting the alleged acts of retaliation (a transfer and harassment). *Vasquez*, 349 F.3d at 645-46. The court explained that an agency investigation into the EEOC charge "would likely have revealed Vasquez's earlier grievance," in response to which the defendant acted as alleged in the EEOC charge. *Id*. at 646. Here the situation is the inverse of *Vasquez*: the OSHA complaint alleges the earlier actions by Plaintiff (reporting the switch and his injury), but not the later alleged acts in response (denial of medical treatment and threats of termination). The OSHA complaint does however allege other responses by Defendant to the same earlier reporting actions by Plaintiff.

This Court finds that the direct causal relationship between these sets of facts, combined with the narrow temporal relationship at issue in Plaintiff's OSHA complaint, demonstrate that both current claims are reasonably related to the OSHA complaint. A reasonable investigation of Plaintiff's OSHA allegations would "encompass" Defendant's reaction to the injury report,

PAGE 9 – OPINION AND ORDER

including any discussions of injuries and the need for medical attention, as well as interactions (including threats) relating to the reported unsafe switch and injury within the short alleged time frame.[2] The additional claims are "so closely related" to the allegations in Plaintiff's OSHA complaint "that agency action would be redundant" in investigating them separately. *B.K.B.*, 276 F.3d at 1102 (quotation marks and citations omitted). The "operative facts" of Plaintiff's current denial-of-medical-treatment and threat-of-termination claims are certainly "related to the facts in the EEOC charge." *Vasquez*, 349 F.3d at 645.

### 2. OSHA's Actual Investigation

The Court notes that while it is relevant and would be helpful to resolving this Motion, the OSHA investigative file has not been produced in discovery. ECF 35 at 6, 10-11 (Plaintiff's response). In the FRSA context, courts have relied on such evidence in deciding exhaustion issues. *See, e.g., Foster*, 866 F.3d at 967 (finding certain FRSA allegations not exhausted under Title VII standard because there "is no evidence" they "were part of, or reasonably related to, [agency's] investigation"; finding others not exhausted because "there is no evidence that OSHA

---

[2] Cases finding failure to exhaust where a plaintiff brought a new theory tend to emphasize the lack of temporal proximity between the facts supporting each theory. *See, e.g., Vasquez*, 349 F.3d at 644-45 (finding other part of new retaliation claim not exhausted in part because of different factual "time frame"); *Verduzco v. Conagra Foods Packaged Foods, LLC*, No. 118CV01681DADSKO, 2020 WL 1046956, at *6 (E.D. Cal. Mar. 4, 2020) (finding that an investigation into plaintiff's EEOC gender discrimination claim could not have "encompassed" his claims of race/national original discrimination "because the latter occurred nearly three years later and involved different supervisors"); *cf. Green v. Los Angeles Cty. Superintendent of Sch.*, 883 F.2d 1472, 1476 (9th Cir. 1989) (finding, where EEOC charge was "directed solely at conduct which took place while she was still actually working," and the last date of discrimination specified in EEOC charge was April 10, 1984, that an "investigation of the incidents which occurred while she was still working would not encompass" claims after that period and that date); *but see Gomez v. Serv. Emps. Int'l Union Loc. 87*, No. C 10-01888 RS, 2010 WL 4704407, at *4 (N.D. Cal. Nov. 12, 2010) (finding gender claims unrelated to national origin claims because "investigation into one claim would not likely lead to investigation of the other" even though they "flowed from the same factual scenario").

PAGE 10 – OPINION AND ORDER

considered or developed an allegation" based on those acts); *Howell*, 2015 WL 6159195, at *3 (considering "actual scope of OSHA's investigation and decision" in evaluating FRSA exhaustion under Title VII standard); *Johansen*, 2020 WL 6126160, at *4, *8 (applying Title VII analysis in FRSA claim because the briefing incorporated it; stating that "the most compelling" reason for finding a claim not exhausted was that Secretary's findings "clearly indicate[] that OSHA" did not consider it); *Wallis*, 2013 WL 12073476, at *3 (deciding that some adverse actions "not specifically stated in an OSHA complaint" were exhausted where OSHA considered those actions, and that other such adverse actions were not exhausted where OSHA "did not consider them in its investigation"). Nevertheless, this Court denies the motion for judgment for the reasons stated above.

## B. Plaintiff's Motion to Compel

About a month after Defendant filed its motion for judgment on the pleadings on March 10, 2021, ECF 32, and while that motion was still under advisement, Plaintiff filed a motion to compel. ECF 41. In his LR 7-1 certification, Plaintiff states that the "parties conferred telephonically and by e-mail." ECF 41 at 1. Counsel for Defendant states that the discovery motion came as a "complete surprise," that no conferral occurred after March 9, 2021, and that Defendant believed Plaintiff's counsel was waiting for this Court's ruling on the pending motion for judgment before conducting further discovery. ECF 43 at ¶ 3.

This Court anticipates that its ruling on the motion for judgment—in particular, in establishing that the Title VII standard applies, its application of that standard here, and the determination that the OSHA investigation is relevant to exhaustion—bears on ongoing discovery matters. Given the dispute regarding conferral on Plaintiff's motion to compel, and the overlap of issues in these two motions, the Court denies Plaintiff's motion to compel, ECF 41,

with leave to renew. Plaintiff may file a renewed motion to compel after conferral, if appropriate.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Partial Judgment on the Pleadings, ECF 32, is DENIED. Plaintiff's Motion to Compel, ECF 41, is denied with leave to renew.

**IT IS SO ORDERED**.

DATED this 25th day of June, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge