IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREG PFEIFLE**, an individual,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>**PORTLAND TERMINAL RAILROAD COMPANY**, an Oregon corporation<br><br>　　　　　Defendant. | Case No. 3:19-cv-01436-IM<br><br>**OPINION AND ORDER** |

Paul S. Bovarnick and Kay Teague, Rose, Senders & Bovarnick, LLC, 1205 NW 25th Avenue, Portland, OR 97210. Attorneys for Plaintiff.

David Patrick Morrison, Nicholas E. Wheeler, Julie Annette Smith, and Amber Beyer, Cosgrave Vergeer Kester, LLP, 900 SW Fifth Avenue, 24th Floor, Portland, OR 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

　　　　This matter comes before the Court on Plaintiff Greg Pfeifle's two Motions to Compel production by Defendant Portland Terminal Railroad Company ("PTRC"). ECF 56; ECF 58. One motion ("Motion One") seeks the production of certain documents listed in Defendant's privilege log. ECF 56. The other, ("Motion Two"), seeks the production of witnesses and documents sought in Plaintiff's requests for production. ECF 58. In response to Motion Two, Defendant seeks a protective order limiting the scope of discovery. ECF 62.

PAGE 1 – OPINION AND ORDER

Because the Court has determined that oral argument would not help resolve this matter, the parties' requests for argument are DENIED. For the following reasons, Plaintiff's Motion One, ECF 56, is GRANTED IN PART and DENIED IN PART, and Plaintiff's Motion Two, ECF 58, is DENIED. On November 17, 2021, the Court entered a protective order stipulated to by the parties. ECF 68.

## BACKGROUND

Plaintiff filed suit on September 6, 2019. ECF 1. Plaintiff's first claim under the Federal Employers Liability Act, 49 U.S.C. § 51, asserts that Plaintiff was injured because of Defendant's negligence in failing to provide Plaintiff with safe tools and equipment and a safe place to work. ECF 1 at ¶ 11. Plaintiff's second claim under the Federal Rail Safety Act, 49 U.S.C. § 20109(b)(1)(A), broken down into three counts, asserts that Defendant disciplined Plaintiff in whole or in part for reporting a hazardous safety condition to Defendant, that Defendant denied Plaintiff prompt medical attention after reporting an injury, and that Defendant retaliated against Plaintiff for reporting an injury. *Id.* at ¶¶ 15–17.

Plaintiff alleges that in 2018, he reported in good faith to Defendant that some of Defendant's track switches were dangerous to operate. ECF 1 at ¶ 5. On or about April 20, 2018, Plaintiff was injured when he operated a switch. *Id.* at ¶ 6. He reported his injury and requested to go to the emergency room, but his supervisor denied the request until Plaintiff completed paperwork. *Id.* at ¶ 7. Following Plaintiff's report, Defendant gave him "Level 3" discipline and placed him on probation for a year. *Id.* at ¶ 8. Plaintiff filed a retaliation complaint under 49 U.S.C. § 20109 with the United States Department of Labor, Occupational Health and Safety Administration on May 7, 2018. *Id.* at ¶ 9. The Department of Labor issued a finding of no bad faith and recognized Plaintiff's election to proceed with this action in federal court. *Id.* Plaintiff

alleges that Defendant threatened termination in whole or in part in retaliation for his reports of unsafe conditions and his injury. *Id*. at ¶ 10.

On March 10, 2021, Defendant moved for Judgment on the Pleadings. ECF 32. On June 25, 2021, this Court denied Defendant's Motion for Judgment on the Pleadings. ECF 51. In a declaration filed in support of a later-filed motion to extend discovery deadlines, counsel for Defendant declared that the Court's "ruling did not provide guidance . . . on whether [P]laintiff may properly litigate in this action his actual termination that occurred . . . after [P]laintiff filed the present action[.]" ECF 53 at ¶ 3. In denying that motion, the Court clarified:

> While Defendant's motion for partial judgment on the pleadings posits that Plaintiff brings a claim regarding actual termination, ECF 32 at 5–6, Plaintiff only alleges that he was "threatened" with termination in his Complaint, ECF 1 at ¶ 10, and Plaintiff's responsive briefing only discussed threats of termination, not actual termination itself. *See* ECF 35 at 6, 8, 9–10. Indeed, Defendant's reply brief apparently recognizes that plaintiff is bringing a threat-of-termination claim rather than an actual-termination claim. *See* ECF 40 at 2, 4, 7, 8. Because the parties agreed that Plaintiff only brings a threat-of-termination claim by the end of their briefing, this Court did not (and still need not) opine on the actual termination claim that Defendant alludes to in its opening brief.

ECF 54 at 2.

## STANDARDS

Under Federal Rule of Civil Procedure 26(b)(1), parties may discover any unprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Pre-trial discovery is "accorded a broad and liberal treatment." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (internal quotation marks omitted) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

"[A] party asserting the attorney-client privilege has the burden of establishing the [existence of an attorney-client] relationship *and* the privileged nature of the communication."

PAGE 3 – OPINION AND ORDER

*United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (alterations in original) (quoting *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009)). An eight-part test determines whether the information sought is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id*. (quoting *Ruehle*, 583 F.3d at 607). "The attorney-client privilege extends 'to communications by any corporate employee regardless of position when the communications concern matters within the scope of the employee's corporate duties and the employee is aware that the information is being furnished to enable the attorney to provide legal advice to the corporation.'" *Ozgur v. Daimler Trucks N. Am. LLC*, No. 20-35920, 2021 WL 4776994, at *1 (9th Cir. Oct. 13, 2021) (quoting *Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. Ariz.*, 881 F.2d 1486, 1492 (9th Cir. 1989).[1]

The work-product doctrine generally protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A); *see United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). That said, work product may be discovered if the seeking party "shows that is has

---

[1] Plaintiff asserts that "numerous federal courts have found that emails between one party's employee and its non-legal officers within the corporation is not privileged communication." ECF 36 at 5. Plaintiff points to two cases in support: *Evergreen Trading, LLC v. United States*, 80 Fed. Cl. 122, 139 n.26 (2007) and *Computer Network Corp. v. Spohler*, 95 FRD 500, 502 (D.D.C. 1982). *Evergreen* addressed a situation in which a party claimed attorney-client privilege over documents not otherwise protected because they were "attached" to communication with an attorney. 80 Fed. Cl. at 138–139. *Computer Network Corp.* clarified that "[t]he mere fact that [a corporate officer] is an attorney does not render privileged all of his communications with other corporate officials." 95 F.R.D. at 502.

PAGE 4 – OPINION AND ORDER

substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

## DISCUSSION

### A. Motion One: to Compel Production of Documents from Defendant's Privilege Log (ECF 56)

First, Plaintiff seeks the production of three emails from General Manager Terry Brown to the PTRC Board about Plaintiff's lawsuit. ECF 56 at 7; *see also* ECF 63 at 3. Defendant's privilege log lists three emails as protected by attorney-client privilege and the work-product doctrine. ECF 56 at 7. Defendant represents that two of the three emails were also copied to counsel for PTRC and BNSF Railway ("BNSF"). ECF 63 at 3.

Defendant argues that the two emails copied to Defendant's attorney are privileged under the attorney-client privilege. Specifically, Defendant points out that the sender, Terry Brown, was PTRC's General Manager, ECF 63 at 3, so disciplining employees such as Plaintiff is part of his corporate responsibilities, and the fact that PTRC's attorney was copied on the email shows awareness that the communications related to the furnishing of legal advice. *Ozgur*, 2021 WL 4776994, at *1. Even so, simply copying the company's attorney does not bring a communication within the ambit of the attorney-client privilege. *See United States v. Heine*, No. 3:15-cr-238-SI, 2016 WL 6138245, at *2 (D. Or. Oct. 21, 2016) (quoting *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 630 (D. Nev. 2013) ("[T]he court agrees that merely copying or 'cc-ing' legal counsel, in and of itself is not enough to trigger the attorney-client privilege. Instead, each element of the privilege must be met when the attorney-client privilege is being asserted."). Here, Defendant has made no showing whatsoever that the communication was made for the purpose of securing legal advice from the attorney. This same reasoning applies with equal or

greater force to the remaining email, which Defendant does not argue was sent to counsel and about which Defendant has not provided any detail.

Still, the three emails in question are protected by the work product doctrine. Plaintiff filed this lawsuit on September 6, 2019. ECF 1. Thus, the absolute latest date at which Defendant could be said to anticipate litigation was September 6, 2019. The emails Plaintiff seeks were sent on September 17, 2019, October 4, 2019, and January 4, 2020 and were all "regarding [P]laintiff's lawsuit." ECF 56 at 7. Plaintiff notes that "Mr. Brown is not an attorney representative, and neither is the Board for Defendant's company." *Id*. But this is immaterial for purposes of work-product protection, which extends to" documents . . . prepared in anticipation of litigation . . . by . . . another party." Fed. R. Civ. P. 26(b)(3)(A). To the extent that Plaintiff is arguing that Mr. Brown and the Board are not defendants in this case, work-product protection extends to documents prepared by the "other party's representative." *Richey*, 632 F.3d at 567 (quoting *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt. (Torf)*, 357 F.3d 900, 907 (2004).

Second, Plaintiff seeks the production of BNSF's log of employee personal injury claims and lawsuits involving switches at the same locations where Plaintiff worked and was injured. ECF 56 at 8. Defendant's privilege log listed this information as "[c]onfidential or privileged information about persons not party to this lawsuit; Health Insurance Portability and Accountability Act of 1996 (HIPAA) and other privacy laws." *Id*. Defendant represents that the list contains four results: two involving PTRC employees who asserted claims/lawsuits involving switches (one of whom was Plaintiff), one involving an employee whose injury occurred while switching cars (not while operating a switch), and one involving a BNSF employee whose injury did not occur on PTRC property or on the location of Plaintiff's alleged incident. ECF 63 at 3.

PAGE 6 – OPINION AND ORDER

As to the claim involving an employee switching cars, Defendant properly identified the claim as unrelated to this lawsuit and need not produce it. As to the two claims by PTRC employees involving switches, Defendant has already produced the names of these employees. *Id*. But Plaintiff requested the log itself, not just the names of the employees. Defendant has not identified what confidential or privileged information might be in the log warranting nondisclosure. Rather, Defendant just makes the conclusory assertion that "their unredacted production could violate the Health Insurance Portability and Accountability Act (HIPAA)." *Id*. Defendant has not made any argument that it is a "covered entity" as contemplated by HIPAA. *See* 45 C.F.R. 160.103 (defining "covered entity" as a health plan, a health care clearinghouse, or a health care provider transmitting health information in electronic form in connection with certain transactions). As to the claim by a BNSF employee, that incident "did not occur on PTRC property or on the location of [P]lainitff's alleged incident." ECF 63 at 3. Plaintiff's motion to compel only seeks the production of the switch-related log entries "at the same locations where Plaintiff worked and was injured." ECF 56 at 8. The BNSF employee's claim is outside of the scope of Plaintiff's motion to compel.[2] Thus, Plaintiff's motion is GRANTED as to the two log entries related to switches on PTRC property, but DENIED as to the other two entries. Defendant may redact any personally identifying information that is not relevant to the case, such as dates of birth or Social Security numbers.

---

[2] This Court notes that Plaintiff's original Request for Production sought "BNSF Employee Personal Injury Claims and Lawsuits Involving Switch." ECF 56 at 8. The Court also notes that Plaintiff has asserted—and Defendant does not deny—that "Defendant's company operates the intersection of railroad where both BNSF Railroad and Union Pacific Railroad (UPR) own railroad in Portland, Oregon's commercial district." *Id*.. As a result, "Defendant maintains a database of all lawsuits made against BNSF and itself." *Id*. Thus, Plaintiff's original request, at least arguably, covers the BNSF employee's claim. But Plaintiff's motion to compel unequivocally narrows its request to those claims that arose at the site where Plaintiff worked and where Plaintiff's claim arose.

PAGE 7 – OPINION AND ORDER

Third, Plaintiff seeks the production of "trouble tickets" about switches in the document titled PTRC.Pfeifle_01144-001157. *Id*. at 9. Defendant had objected, asserting that the trouble tickets are "[u]nrelated trouble tickets to [the] subject matter of [the] action." *Id*. Defendant now represents that, having agreed to do so during conferral, it has produced a log showing all trouble tickets relating to switches. ECF 63 at 4. Thus, Plaintiff's motion as to the trouble tickets is DENIED as moot.

**B. Motion Two: to Compel Discovery on Plaintiff's Second and Third Requests for Production (ECF 58)**

First, Plaintiff seeks to compel Defendant to produce witnesses identified in Plaintiff's Second Request for Production, Request No. 1. ECF 58 at 6. Although the Request for Production is for the "documents provided by Defendant to Val Schultz, Derek Chapin, C.J. Dickey and Terry Brown," the Motion to Compel only claims that "Defendant has refused to *produce* [these] employees . . . *for deposition*." *Id*. (emphasis added). The Court will limit its analysis, then, to whether Defendant must make these employees available for deposition.

As to former employees Schultz and Brown, Defendant represents that they are no longer PTRC employees. ECF 60 at 4–5. Plaintiff is, of course, free to depose these witnesses regardless of their employment status with Defendant. But this Court cannot compel Defendant to produce witnesses over whom it has no authority. Plaintiff may subpoena these witnesses to secure their deposition testimony. *See* Fed. R. Civ. P. 45.

As to employees Chapin and Dickey, Defendant does not object to producing them for deposition. ECF 60 at 5. Rather, Defendant objects to Plaintiff's intent to ask these employees about his actual termination rather than just the threats of termination. *Id*; *see* ECF 61 at ¶ 4 ("Also during that call, [Defense counsel] conveyed that under the Court's August 21, 2021 Order, [parties] understood that [P]laintiff's actual termination was not part of the case.

Plaintiff's counsel acknowledged the Court's ruling and agreed that [P]laintiff's actual termination was not part of the case. However, he has continued to assert that he may examine witnesses about it.") The Court understands that Defendant will produce the employees for deposition upon the entry of a protective order from the Court. ECF 60 at 5. With that understanding, Plaintiff's Motion to Compel depositions of former employees Schultz and Brown is DENIED. The Court will, however, allow Plaintiff to examine witnesses Chapin and Dickey about Plaintiff's actual termination. By this ruling, the Court is not deciding the ultimate admissibility at trial of any such evidence but finds that information about Plaintiff's actual termination may be relevant to his claim, for example by showing knowledge or motivation.

Second, Plaintiff seeks to compel the production of documents sought in Plaintiff's Third Request for Production, Request No.2. ECF 58 at 7. Specifically, Plaintiff seeks records related to "discipline, coaching or counseling of employees who have been observed getting on and off moving equipment." *Id*. In its response to that request and in its response to the motion to compel, Defendant clarified that it would produce these records if the Court entered an appropriate protective order. ECF 60 at 5–6. On November 16, 2021, parties submitted a stipulated protective order. ECF 67. The Court adopted the stipulated protective order on November 17, 2021. ECF 68. With the understanding that Defendant will now produce the relevant records, this motion is DENIED as moot.

## CONCLUSION

For these reasons, Plaintiff's Motion to Compel, ECF 56, is GRANTED IN PART and DENIED IN PART, and Plaintiff's Motion to Compel, ECF 58, is DENIED. The Court DECLARES as follows. On the motion to compel production of emails from Terry Brown to the PTRC Board, ECF 56 at 7, Plaintiff's motion is DENIED because the emails are protected by the work product doctrine. On the motion to compel production of the log of claims and lawsuits

PAGE 9 – OPINION AND ORDER

related to switches, ECF 56 at 8, Plaintiff's motion is GRANTED as to the claims involving switches on PTRC property but DENIED as to the claim involving the BNSF employee and to the claim involving switching cars. Defendant must produce the logs, even for the claims for which it has provided Plaintiff with the names of the employee involved, but may redact confidential information. On the motion to compel production of the trouble tickets, ECF 56 at 9, Plaintiff's motion is DENIED as moot. On the motion to compel production of witnesses for deposition, ECF 60 at 4, Plaintiff's motion is DENIED. Plaintiff may subpoena former employees under Fed. R. Civ. P. 45 and Defendant does not object to producing those current employees for deposition. Plaintiff may examine any witnesses about Plaintiff's actual termination, even though his actual termination is not at issue in this case, because the information might be otherwise relevant to his claims. On the motion to compel production of documents related to employee discipline, counseling, or coaching, the motion is DENIED as moot because Defendant agreed to produce these documents upon entry of a protective order, ECF 60 at 5, and such a protective order has now been entered, ECF 68.

**IT IS SO ORDERED**.

DATED this 18th day of January, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 10 – OPINION AND ORDER